**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

```
LAZARUS K. TUMUSTIME,            )
                                 )
        Petitioner,              )
                                 )
    v.                           )   CIV 08-01794 PHX ROS (MEA)
                                 )
KATRINA KANE, DAVID KOLLUS,      )   REPORT AND RECOMMENDATION
TERRY ALTMAN,                    )
                                 )
        Respondents.             )
_____)
```

**TO THE HONORABLE ROSLYN O. SILVER:**

Mr. Lazarus Tumustime ("Petitioner"), filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 42 U.S.C. § 2241 on September 30, 2008, asserting his continued detention by Respondents pending his removal from the United States to Rwanda or Uganda violated United States law. On December 19, 2008, Respondents filed a pleading notifying the Court that Petitioner had been released under an order of supervision and suggest the case is now moot. See Docket No. 15.

**1.  Procedural History**

Petitioner asserts he was born in Uganda and that his parents were Rwandan refugees. See Docket No. 1. Petitioner alleges he first arrived in the United States in 1992 on a B1 visa. Id. Petitioner sought asylum in 1993, which status was denied. Id. Petitioner was placed in removal proceedings in

1995 and the Board of Immigration Appeals dismissed his appeal of an Immigration Judge's order of removal on May 19, 1996. Id. Petitioner further states that he applied for a Ugandan passport in 1997, which application was denied.

Petitioner asserts he was taken into the custody of the Department of Homeland Security on April 9, 2008. Id. Petitioner alleges he filed a motion to reopen his immigration proceedings, which motion was denied by the BIA in 2008. Id. Citing Zadvydas v. Davis, Petitioner alleges in his section 2241 petition that he has been wrongfully detained, i.e., he has been detained for more than 180 days after his order of removal became final. Id. The only relief sought in the habeas petition is Petitioner's release from detention.

In their suggestion of mootness, Respondents aver that Petitioner was released from detention under an Order of Supervision signed by Petitioner on December 17, 2008. See Docket No. 15.

**2. Analysis**

Respondents present evidence to the Court that Petitioner was released from detention. Because the petition for habeas relief attacks only Petitioner's continued detention, the petition is now moot. The case-or-controversy requirement of Article III, § 2, of the United States Constitution "subsists through all stages of federal judicial proceedings ... The parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1253-54 (1990) (internal quotations omitted). If it appears that the Court is without the power to

grant the relief requested by a habeas petitioner, then that case is moot.  See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991).

Petitioner was released from detention approximately three months after he filed his federal habeas petition.  The relief that Petitioner requested in his habeas petition, i.e., his release from continued and potentially indefinite detention, can no longer be granted by the Court.  Therefore, this habeas action, alleging his continued detention violates federal law and his constitutional rights, is moot.  See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007); Picrin-Peron, 930 F.2d at 775; Ferry v. Gonzales, 457 F.3d 1117, 1132 (10th Cir. 2006); Soliman v. United States, 296 F.3d 1237, 1243 (11th Cir. 2002).

### 3. Conclusion

The Petition for Writ of Habeas Corpus is moot because the petition challenges only the legitimacy of Petitioner's continued detention and Petitioner has now been released from detention under an Order of Supervision.  There is no existing case or controversy over which this Court may exercise jurisdiction and, therefore, this case is moot.

**IT IS THEREFORE RECOMMENDED** that Mr. Tumustime's Petition for Writ of Habeas Corpus be **dismissed with prejudice as moot**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 24th day of December, 2008.

_____
Mark E. Aspey
United States Magistrate Judge